IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROSARIO PASSMORE and BRENDA L. CHAFTON, f/k/a BRENDA AGBEYE, Individually and On Behalf of All Others Similarly Situated, | § § § § § | |
| Plaintiff, | § § | Civil Action No. |
| v. | § § | 5:18-CV-0782 |
| SSC KERRVILLE HILLTOP VILLAGE OPERATING COMPANY LLC; SSC KERRVILLE EDGEWATER OPERATING COMPANY, LLC; SSC KERRVILLE ALPINE TERRACE OPERATING COMPANY, LLC, | § § § § § § § § | |
| Defendants. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

Plaintiffs Rosario Passmore and Brenda L. Chafton, f/k/a Brenda Agbeye ("Named Plaintiffs") on behalf of themselves and all others similarly situated ("Class Members" herein) (Named Plaintiffs and Class Members are collectively referred to herein as "Plaintiffs") bring this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. For cause of action, they respectfully show as follows:

**I. NATURE OF SUIT**

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The FLSA "limits to 40 a week the number of hours that an

employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendants have violated the FLSA by failing to pay its Registered Nurses ("RNs") and Licensed Vocational Nurses ("LVNs") in accordance with the guarantees and protections of the FLSA. Defendants have failed and refused to pay its RNs and LVNs at time-and-one-half their regular rates of pay for all hours worked in excess of forty hours within a workweek.

3. Defendants have violated the FLSA by (1) automatically deducting Plaintiffs' pay for meal break periods even though the Plaintiffs were not completely relieved of all job duties in that they were regularly interrupted and subject to interruptions during those meal break periods; and (2) paying non-discretionary sign-on bonuses but failing to include such bonuses in the Plaintiffs' regular rate of pay for purposes of calculating their overtime pay. Because there are other putative plaintiffs who are similarly situated to the Named Plaintiffs with regard to the work performed and the Defendants' compensation policies, Named Plaintiffs bring this action as a collective action pursuant to 29 U.S.C. § 216(b).

4. Defendants have also violated Texas state law by receiving and accepting valuable services from Named Plaintiffs and Class Members in the form of hours worked during meal periods in which they were not completely relieved of all job duties. Yet Defendants automatically deducted Plaintiffs' pay for these meal periods. This obligation to pay Class Members for valuable services rendered during meal periods derives not from the FLSA but from the common law of Texas.

## II. PARTIES

5. Named Plaintiff Rosario Passmore is an individual who resides in Kerr County, Texas. She was employed by Defendants within the meaning of the FLSA from April 2009 until May 2017. Named Plaintiff Rosario Passmore has consented to be a party-plaintiff to this action, as indicated in her consent form, which is attached hereto as "Exhibit A."

6. Named Plaintiff Brenda L. Chafton, f/k/a Brenda Agbeye is an individual who resides in Bexar County, Texas. She was employed by Defendants within the meaning of the FLSA from November 2014 until in or around January 2018. Named Plaintiff Brenda L. Chafton has consented to be a party-plaintiff to this action, as indicated in her consent form, which is attached hereto as "Exhibit B."

7. The Named Plaintiffs and Class Members are Defendants' current and former Registered Nurses ("RNs") and Licensed Vocational Nurses ("LVNs") who worked as such for Defendants in the United States of America. Defendants paid all Named Plaintiffs and Class Members an hourly wage and occasional non-discretionary bonuses as described in greater detail below.

8. SSC Kerrville Hilltop Village Operating Company LLC is a foreign limited liability company that is currently authorized to do business in Texas, and that is doing business in Texas. Its principal office is located in Atlanta, Georgia. Its registered agent for service of process is C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

9. SSC Kerrville Edgewater Operating Company LLC is a foreign limited liability company that is currently authorized to do business in Texas, and that is doing business in Texas. Its principal office is located in Atlanta, Georgia. Its registered agent for service of process is C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

10. SSC Kerrville Alpine Terrace Operating Company LLC is a foreign limited liability company that is currently authorized to do business in Texas, and that is doing business in Texas. Its principal office is located in Atlanta, Georgia. Its registered agent for service of process is C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### III. JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction in this case because Named Plaintiffs assert claims arising under federal law. Specifically, Named Plaintiffs assert claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court, therefore, has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Because Named Plaintiff's common law claims form part of the same case or controversy under Article III of the United States Constitution, this Court has supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. §1367(a). This Court also has personal jurisdiction over all parties to this action.

12. Venue is proper in the San Antonio Division of the United States District Court for the Western District of Texas. Named Plaintiff Passmore was an employee of Defendants, and performed work for Defendants, in Kerrville, Texas from on or around April 2009 until on or around May 2017. Named Plaintiff Chafton was an employee of Defendants, and performed work for Defendants, in Kerrville, Texas from 2007-2008, in 2010, and from November 2014 through to January 2018. Defendants continue to do business in Kerrville, Texas. In addition, inasmuch as Defendants are subject to this Court's personal jurisdiction for purposes of this civil action, Defendants reside in this district and division. Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

### IV. COVERAGE UNDER THE FLSA

13. At all relevant times, Defendants have, jointly or individually, acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiffs and the Class Members.

14. At all times hereinafter mentioned, Defendants have, jointly or individually, been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15. At all times hereinafter mentioned, Defendants have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants are an enterprise and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

17. At all times hereinafter mentioned, Named Plaintiffs and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. FACTUAL ALLEGATIONS

18. Defendants operate short-term and long-term health care facilities in and around Kerr County, Texas. Defendants provide health care services, primarily to seniors, including skilled nursing care, physical therapy (short-term and long-term), occupational therapy (short-term and long-term), speech therapy (short-term and long-term), wound care, hospice care, and respite care.

Defendants operate three such facilities in and around Kerrville, Texas. Those facilities are Alpine Terrace, Edgewater Care Center, and Hilltop Village Nursing and Rehabilitation Center.

19. Named Plaintiff Passmore is a registered nurse (RN) who worked as such for Defendants from April 2009 until May 2017. Named Plaintiff Passmore worked for Defendants in the Hilltop Village Facility. Named Plaintiff Chafton is a Licensed Vocational Nurse (LVN) who worked as such for Defendants off and on since 2008, but most recently from November 2014 through January 2018. Named Plaintiff Chafton has worked for Defendants in all three of its Kerrville facilities. The pay practices described below occurred in all of Defendants' Kerrville facilities.

20. Named Plaintiffs and Class Members routinely handled or otherwise worked on goods that have been moved in or produced for commerce. For example, during their day-to-day work, Named Plaintiffs and Class Members often utilized pharmaceuticals and medical equipment, such as needles, syringes, gauze, bedding, beds, wheelchairs (and other durable medical equipment), vital sign monitors, stethoscopes (and other diagnostic equipment), and cleaning and sterilization products which were manufactured outside the State of Texas or outside the United States of America.

21. Defendants did not pay Named Plaintiffs or Class Members on a salary or a fee basis pursuant to 29 C.F.R. §541.600. Instead, Defendants paid Named Plaintiffs and Class Members an hourly wage plus bonuses, as discussed in greater detail below.

22. For all times relevant to this action, Named Plaintiffs and Class Members were employees who were not exempt from the protections of the FLSA. They were, therefore, entitled to receive overtime compensation at a rate not less than one-and-one-half their regular rates of pay for all work hours in excess of 40 in a workweek.

23. Named Plaintiffs and Class Members often worked in excess of 40 hours in a workweek. However, Defendants failed and refused to pay them at a rate not less than one and one-half their regular rates of pay for all hours worked in a workweek. For example, during the two-week pay period from August 20, 2015 through September 2, 2015, Named Plaintiff Passmore worked at least 15.75 of overtime. However, Defendants did not pay Named Plaintiff Passmore her for all of her overtime hours at a rate of at least one and one-half her regular rate of pay. This is but one example of many during Named Plaintiff Passmore's employment of Defendants' failure and refusal to pay overtime compensation in accordance with applicable law.

24. In addition, during the two-week pay period November 24, 2016 through December 7, 2016, Named Plaintiff Chafton worked at least 14.25 hours of overtime. However, Defendants did not pay Named Plaintiff Chafton her for all of her overtime hours at a rate of at least one and one-half her regular rate of pay. This is but one example of many during Named Plaintiff Chafton's employment of Defendants' failure and refusal to pay overtime compensation in accordance with applicable law.

25. Defendants regularly and routinely required Named Plaintiffs and Class Members to work through some or all of their 30-minute meal breaks despite automatically deducting 30 minutes from their hours worked for the day. Defendants' facilities were often understaffed with nurses. As a result, Named Plaintiffs and Class Members were working throughout their shifts, including during their meal breaks. Although Named Plaintiffs and Class Members were rarely, if ever, completely relieved of duty during their meal breaks, Defendants failed and refused to pay Named Plaintiffs and Class Members for their working time during those meal breaks.

26. Named Plaintiffs and Class Members were regularly interrupted, or subject to interruption, during their meal breaks. As a result, Named Plaintiffs and Class Members were not completely relieved of all job duties during those meal breaks.

27. Defendants' failure and refusal to pay for meal breaks during which Named Plaintiffs and Class Members were not completely relieved from duty occurred during almost every shift that the Named Plaintiffs and Class Members worked.

28. Named Plaintiffs and Class Members had their meal periods illegally deducted during weeks in which they worked overtime hours. As a result, Defendants' practice of deducting for meal periods has resulted and continues to result in Defendants failing and refusing to compensate Named Plaintiffs and Class Members at time and one-half their regular rates of pay for all hours worked in a workweek.

29. For example, during the pay period August 6, 2015 through August 19, 2015, Named Plaintiff Passmore had 30 minutes for meal breaks deducted from her pay at least seven times, even though during none of those breaks was she completely relieved of her job duties. Excluding the time that Defendants illegally deducted for meal breaks, Named Plaintiff Passmore worked at least 4.5 hours of overtime during that two-week pay period. Defendants' failure and refusal to pay Named Plaintiff Passmore for her meal breaks during that pay period resulted in Defendants' failure to compensate Named Plaintiff Passmore at the rate of at least one and one-half her regular rates of pay for all overtime hours worked during that pay period.

30. In addition, Named Plaintiff Chafton regularly and routinely had her meal breaks deducted from her pay, even though during most of those breaks she was not completely relieved from her duties. These deductions occurred in one or more weeks when Named Plaintiff Chafton worked in excess of 40 hours. Defendants' failure and refusal to pay Named Plaintiff Chafton for her meal breaks

during those pay periods resulted in Defendants' failure to compensate Named Plaintiff Chafton at the rate of at least one and one-half her regular rates of pay for all overtime hours worked during that pay period.

31. Defendants also paid Named Plaintiffs and Class Members non-discretionary sign-on bonuses. Defendants often paid these sign-on bonuses at the beginning of their employment and at various points during their employment.

32. However, Defendants has a practice of failing and refusing to include the sign-on bonus in the Named Plaintiffs' and Class Members' regular rate of pay. As a result, during the weeks in which Named Plaintiffs and Class Members worked in excess of 40 hours and they earned a bonus, Defendants did not compensate them at time and one-half their regular rates of pay for all hours worked in a workweek.

33. Defendants have employed and are employing other individuals as RNs and LVNs who have performed the same job duties under the same pay provisions as Named Plaintiffs Passmore and Chafton in that they have performed, or are performing, the same job duties, have consistently worked in excess of forty hours in a workweek and have been denied overtime compensation at a rate of not less than one-and-one-half times their regular rates of pay when Defendant:

   a. Automatically deducted their pay for meal break periods even though Named Plaintiffs and Class Members were not completely relieved from duty during that period;

   b. Paid non-discretionary sign-on bonuses to Named Plaintiffs and Class Members, but failed to include such bonuses in their regular rates of pay for purposes of calculating their overtime pay; and

   c. Failed to pay Named Plaintiffs and Class Members at the rate of at least time and one-half their regular rates of pay for all hours worked over 40 in a workweek.

34. Defendants knowingly, willfully, or with reckless disregard carried out, and continues to carry out, its illegal pattern or practice of failing to pay overtime compensation to Named Plaintiffs and the Class Members.

## VI. COLLECTIVE ACTION ALLEGATIONS

35. Named Plaintiffs and the Class Members have performed, and are performing, the same or similar job duties as one another in that they worked as, and performed the duties of, RNs and LVNs in Defendants' locations in Kerrville, Texas.  Further, Named Plaintiffs and the Class Members were subjected to the same pay provisions in that they were all paid an hourly wage, but they were not compensated at the rate of at least one and one-half their regular rates of pay for all hours worked in excess of 40 in a workweek.  More specifically, Defendants failed and refused to pay Named Plaintiffs and Class Members at one and one-half their regular rates of pay (1) for time automatically deducted for meal breaks, even though Named Plaintiffs and Class Members were not completely relieved of their job duties; and (2) by not including non-discretionary sign-on bonus in the calculation of their regular rates of pay.   Moreover, Named Plaintiffs and Class Members consistently worked in excess of forty (40) hours in a workweek.  Thus, the Class Members are owed unpaid overtime for the same reasons as Named Plaintiff, without regard to their individualized circumstances.

36.  Defendants' failure to compensate employees for hours worked in excess of 40 in a workweek as required by the FLSA results from a policy or practice of paying Named Plaintiffs and Class Members in the manner described herein above.  This policy or practice is and has been, at all relevant times, applicable to the Named Plaintiffs and all Class Members.  Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiffs or those joining this lawsuit.  Rather, the same policy or practice that resulted in the non-payment of

overtime compensation to Named Plaintiffs also applied to all Class Members. Accordingly, the "Class Members" are properly defined as:

> **All current and former individuals who worked as Registered Nurses or Licensed Vocational Nurses for the past three years who were not paid at the rate of at least one-and-one-half of their regular rates of pay for all hours worked in excess of forty (40) hours in a workweek.**

## VII. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

37. Named Plaintiffs incorporate all allegations contained in the foregoing paragraphs as though fully set forth herein.

38. During the relevant period, Defendants have violated and are violating Section 7 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for all of their work in excess of forty hours per week at rates no less than one-and-one-half times their regular rates for which they were employed. Defendants have acted willfully in failing to pay Named Plaintiffs and the Class Members in accordance with applicable law.

## VIII. CAUSE OF ACTION TWO: *QUANTUM MERUIT*

39. Named Plaintiffs incorporate all allegations contained in the foregoing paragraphs as though fully set forth herein.

40. Named Plaintiffs and Class Members performed valuable services for Defendants during their meal periods.

41. These services had a reasonable value no less than the agreed hourly rate.

42. Defendants accepted and retained the benefit of Named Plaintiffs' and Class Members' performance of these valuable services.

43. No contract exists between Named Plaintiffs and Defendants, and Class Members and Defendants, regarding the provision of services during unpaid meal break periods.

44. Defendants had reasonable notice and/or knowledge that Named Plaintiffs and Class Members expected to be compensated for services rendered for the Defendants.

45. Defendants failed to pay Named Plaintiffs and Class Members the reasonable value of the services performed during unpaid meal break periods.

46. Named Plaintiffs and Class Members are entitled to recover damages under this claim for the last four years.

47. Named Plaintiffs and Class Members are entitled to attorney's fees and cost under this claim pursuant to Texas Civil Practice and Remedies Code, §38.001, *et seq.*

## IX. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, Plaintiffs pray for an expedited order certifying a class and directing notice to putative class members pursuant to 29 U.S.C. § 216(b) and, individually, and on behalf of any and all such class members, on trial of this cause, judgment against Defendants, jointly and severally, as follows:

    a.    For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Plaintiffs (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who may join the suit);

    b.    For an Order awarding Plaintiffs (and those who may join in the suit) the taxable costs and allowable expenses of this action;

    c.    For an Order awarding Plaintiffs (and those who may join in the suit) attorneys' fees;


d. For an Order awarding Plaintiffs (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

e. For an Order awarding Plaintiffs declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.; and

f. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**MORELAND LAW FIRM, P.C.**
700 West Summit Drive
Wimberley, Texas 78676
(512) 782-0567
(512) 782-0605 - telecopier

By: */s/ Edmond S. Moreland, Jr.*
    Edmond S. Moreland, Jr.
    State Bar No. 24002644
    edmond@morelandlaw.com

Daniel A. Verrett
Texas State Bar No. 24075220
The Commissioners House at Heritage Square
2901 Bee Cave Road, Box L
Austin, Texas 78746
Tel: (512) 782-0567
Fax: (512) 782-0605
daniel@morelandlaw.com

**ATTORNEYS FOR PLAINTIFF**