IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROSARIO PASSMORE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; BRENDA L. CHAFTON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; MARIA WEAKS, JO ANN VEGA, KELLY SLAPE, *Plaintiffs,* vs. SSC KERRVILLE HILLTOP VILLAGE OPERATING COMPANY LLC, SSC KERRVILLE EDGEWATER OPERATING COMPANY, LLC, SSC KERRVILLE ALPINE TERRACE OPERATING COMPANY, LLC, *Defendants.* | § § § § § § § § § § § § § § § § § § § | SA-18-CV-00782-FB |

**ORDER**

Before the Court in the above-styled and numbered cause of action is Defendants' Expedited Motion to Strike Plaintiffs' Motion for Conditional Certification or, in the Alternative, to Stay [#24]. On September 13, 2018, the Honorable Fred Biery referred all pre-trial proceedings in this case to the undersigned for disposition pursuant to Federal Rule of Civil Procedure 72 and Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. The undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, Defendants' Expedited Motion to Strike Plaintiffs' Motion for Conditional Certification or, in the Alternative, to Stay is **GRANTED IN PART.**

Plaintiffs Rosario Passmore ("Passmore") and Brenda L. Chafton, formerly known as Brenda Agbeye "(Agbeye"), individually and on behalf of all others similar situated (collectively, "Plaintiffs"), originally filed this action under the Fair Labor Standards Act of 1938 ("the FLSA"), as amended, 29 U.S.C. § 201, *et seq.*, on July 28, 2018, against their former employers, Defendants SSC Kerrville Hilltop Village Operating Company LLC, SSC Kerrville Edgewater Operating Company, LLC, and SSC Kerrville Alpine Terrace Operating Company, LLC (collectively, "Defendants") [#1]. In addition to asserting individual employment claims under the FLSA and Texas state law, Plaintiffs Passmore and Agbeye also seek to represent a putative class of similarly-situated individuals regarding their claims under the FLSA, including certain opt-in plaintiffs who have already filed consents to join in this action. (Compl. [#1] at ¶¶ 35–36.)

Defendants filed a motion to compel arbitration on August 28, 2018, [#10]. Then, Plaintiffs moved to conditional certify the class on October 29, 2018 [#21]. On November 14, 2018, Defendants filed the motion that is the subject of this Order. By their motion, Defendants argue that all discovery, including the exchange of Rule 26(a)(1) initial disclosures, should be stayed pending this Court's consideration of Defendants' motion to compel arbitration. Defendants also argue that Plaintiffs' motion for conditional certification should be stricken as premature without prejudice to refiling after the arbitration issue is resolved or, alternatively, that the Court should stay its consideration of Plaintiffs' motion for conditional certification, and stay Defendants' obligation to respond to the same, pending the Court's resolution of the arbitration issue.

An initial pre-trial conference was held on November 15, 2016. Because the motion was styled as "Expedited," the Court entertained arguments from the parties during the conference

even though the time period for Plaintiffs to respond had not yet expired. *See* Local Rule CV-7(e) (establishing a seven-day deadline for responses to non-dispositive motions). Plaintiffs conceded during the hearing that the arbitration question is a threshold issue, and thus that a stay may be appropriate, but disputed that striking the motion was necessary.

The Fifth Circuit has instructed that a court "must consider an agreement to arbitrate as a 'threshold question.'" *Reyna v. Int'l Bank of Commerce*, 839 F.3d 373, 377 (5th Cir. 2016) (quoting *Auto Parts Mfg. Mississippi, Inc. v. King Const. of Houston, L.L.C.*, 782 F.3d 186, 196 (5th Cir. 2015)). "Upon a motion to compel arbitration, a court should address the arbitrability of the plaintiff's claim at the outset of the litigation." *Id.* at 378. Thus, this Court is required to address the arbitrability of Plaintiffs' FLSA claims against Defendants at the outset of the proceedings, prior to considering conditional certification. But it would be inefficient to strike Plaintiffs' motion for conditional certification and then require Plaintiffs to refile in the event that the motion to compel is denied. Rather, this Court will stay briefing on Plaintiffs' motion for conditional certification—as well as all discovery—until it has ruled on Defendants' motion to compel arbitration. If the motion to compel is denied, the Court will set a new briefing schedule on the certification issue. If the motion to compel is granted, the Court will dismiss as moot the motion for conditional certification.

**IT IS THEREFORE ORDERED** that Defendants' Expedited Motion to Strike Plaintiffs' Motion for Conditional Certification or, in the Alternative, to Stay [#24] is **GRANTED IN PART** and, specifically, that:

- Discovery is **STAYED** unless and until the Court enters an Order denying Defendants' Motion to Compel Arbitration [#10]; and

- Defendant's obligation to respond to Plaintiffs' Motion for Conditional Certification [#21] is **STAYED** and the Court will set a new briefing schedule in the event that it enters an Order denying Defendants' Motion to Compel Arbitration.

**IT IS FURTHER ORDERED** that any requested relief not granted expressly herein is **DENIED.**

**IT IS SO ORDERED.**

SIGNED this 19th day of November, 2018.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE