IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROSARIO PASSMORE,<br>INDIVIDUALLY AND ON BEHALF OF<br>ALL OTHERS SIMILARLY SITUATED;<br>BRENDA L. CHAFTON,<br>INDIVIDUALLY AND ON BEHALF OF<br>ALL OTHERS SIMILARLY SITUATED;<br>MARIA WEAKS, JO ANN VEGA,<br>KELLY SLAPE, | § | |
| *Plaintiffs,* | § | SA-18-CV-00782-FB |
| vs. | § | |
| SSC KERRVILLE HILLTOP VILLAGE<br>OPERATING COMPANY LLC, SSC<br>KERRVILLE EDGEWATER<br>OPERATING COMPANY, LLC, SSC<br>KERRVILLE ALPINE TERRACE<br>OPERATING COMPANY, LLC, | § | |
| *Defendants.* | § | |

# ORDER

Before the Court in the above-styled and numbered cause of action is Defendants' Motion for Reconsideration, or in the Alternative, to Stay the Proceedings [#29]. This case was referred to the undersigned for all pretrial proceedings on September 13, 2018 [#14]. The undersigned has authority to enter this Order pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, Defendants' Motion for Reconsideration is **DENIED**.

## I. Procedural Background

This case arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Plaintiffs Rosario Passmore and Brenda L. Chafton, formerly known as Brenda Agbeye, individually and on behalf of all others similarly situated registered nurses and licensed

vocational nurses, are seeking unpaid overtime compensation from their former employers, Defendants SSC Kerrville Hilltop Village Operating Company LLC, SSC Kerrville Edgewater Operating Company, LLC, and SSC Kerrville Alpine Terrace Operating Company, LLC. To date, three opt-in plaintiffs have filed consents to join this action: Maria Weaks, Jo Ann Vega, and Kelly Slape [#3].

Defendants filed a motion to compel arbitration [#10] soon after Plaintiffs' Complaint was filed, arguing that Passmore and Chafton signed binding arbitration agreements as a condition of their employment with Defendants. While the motion to compel arbitration was pending, Plaintiffs moved to conditionally certify the class [#21]. On January 4, 2019, after holding a hearing on the motion, the Court issued an Order denying Defendants' Motion to Dismiss and to Compel Arbitration [#28], holding that Passmore and Chafton entered into a valid and enforceable arbitration agreement with Defendants, but the plain language of the agreement did not include an agreement to arbitrate their putative collective action claims.

Defendants now ask the Court to reconsider its Order of January 4, 2019 denying Defendants' Motion to Dismiss and to Compel Arbitration [#28], in light of intervening authority from the United States Supreme Court, *Henry Schein, Inc. v. Archer & White Sales, Inc.*, No. 17-1272, 586 U.S. ___, 139 S. Ct. 524 (Jan. 8, 2019). Defendants argue that this opinion provides them with a previously unavailable argument that the arbitrator, not this Court, should have determined whether Plaintiffs' claims fall within the scope of the arbitration agreement at issue. In addition to filing this motion for reconsideration, Defendants filed an appeal/objections with the District Court [#30] and an appeal to the Fifth Circuit [#38]. In light of these filings, the Court stayed Defendants' response deadline to the motion for class certification [#33]. The Fifth Circuit dismissed Defendants' appeal for want of jurisdiction on February 26, 2019, on the basis

that Defendants cannot appeal directly to the Fifth Circuit from an order of a magistrate judge and must first appeal to the District Court ultimately presiding over the case. *See Passmore v. SSC Kerrville Hilltop Village Operating Co., L.L.C.*, No. 19-50101.

## II. Legal Standard

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. Such motions are therefore generally analyzed under the standards for a motion to alter or amend a judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b). *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). A motion for reconsideration under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(b). Otherwise, the motion falls under Rule 60. Fed. R. Civ. P. 60(c) ("A motion under Rule 60(b) must be made within a reasonable time—and . . . no more than a year after the entry of the judgment or order or the date of the proceeding."). Because Defendants timely filed their motion within 28 days of the District Court's challenged order, their motion is governed by Rule 59(e).

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). Rule 59(e) reconsideration does not serve as a "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Nor can a Rule 59(e) motion be used to argue a case under a new legal theory. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). Rather, a motion under Rule 59(e) must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Id.* (citing *Simon*, 891 F.2d at 1159). In considering a motion for reconsideration, a court "must

3

strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). While a district court has "considerable discretion" to grant or deny a motion under Rule 59(e), *see id.*, the Fifth Circuit cautions that reconsideration under Rule 59(e) is "an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

### III. Analysis

The Court will deny Defendants' motion for reconsideration. Defendants argue that the Supreme Court's decision in *Henry Schein*, 139 S. Ct. 524, has provided them with a new basis for arguing that the arbitrator, not this Court, should have decided the threshold issue of arbitrability in this case, i.e., whether Plaintiffs' claims fall within the scope of the arbitration contract at issue. Defendants therefore ask the Court to modify its Order denying Defendants' motion to compel arbitration, which concluded that Plaintiffs' collective action claims did not fall within the parties' arbitration agreement, to grant the motion and reach only the question of whether the arbitration agreement is valid and enforceable, sending Plaintiffs' claims to the arbitrator to determine arbitrability. This argument fails for a number of reasons.

First, Defendants concede that they did not raise the issue of arbitrability in their motion to dismiss, nor did they argue in writing or at the hearing on their motion to compel that the arbitrator should be the one to interpret the scope of the arbitration agreement—the primary legal issue raised in their motion.[1] (*See* Defs.' Mot. for Reconsideration [#29] at 3 n.1). Motions for reconsideration are not a vehicle for new legal arguments or new legal theories but instead must "clearly establish either a manifest error of law or fact or must present newly discovered

---

[1] In fact, during the hearing, Defendants conceded that the Court's task was to decide whether the disputed language constituted a class action waiver, and that if the Court concluded that it did not, that the motion to compel would have to be denied.

4

evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). Defendants' motion does neither.

Defendants contend that their argument regarding arbitrability was previously foreclosed by Fifth Circuit precedent. This argument is disingenuous and misrepresents both prevailing law at the time of the Court's Order and the impact of the Supreme Court's opinion in *Henry Schein* on this case. Arguments challenging the ability of courts to decide threshold issues of arbitrability are commonplace and were available to Defendants at the time they filed and argued their motion to compel. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995) (holding that if the parties agreed to submit the arbitrability decision to an arbitration panel, then the court must defer to the arbitrator's decision on arbitrability); *see also, e.g.*, *Thiel v. WCS Servs., LLC*, No. 6:16-CV-00393, 2017 WL 8182715, at *2 (W.D. Tex. May 31, 2017), *report and recommendation adopted*, No. 6:16-CV-393-RP, 2017 WL 8182635 (W.D. Tex. July 5, 2017) (considering employer argument that parties agreed to have arbitrator decide whether their claims should be arbitrated); *W.L. Doggett LLC v. Paychex, Inc.*, 92 F. Supp. 3d 593, 596 (S.D. Tex. 2015) (same). Importantly, the petitioners in *Henry Schein* themselves appealed from a ruling by the Fifth Circuit affirming the denial of a motion to compel arbitration, in which the argument before the district court was that the arbitrator should have determined whether the claims fell within the scope of the arbitration agreement, not the court, the very argument Defendants claim was unavailable here. 139 S. Ct. at 526. Defendants could have argued that the arbitration agreement before the Court delegates questions on the scope of the arbitration agreement to the arbitrator but failed to do so.

Moreover, the Supreme Court's decision in *Henry Schein* did not "unanimously reverse[] long-standing Fifth Circuit precedent, holding for the first time that under the Federal Arbitration

Act, the parties' agreement determines whether an arbitrator determines issues of arbitrability of a dispute," as argued by Defendants. (*See* Defs.' Mot. for Reconsideration [#29] at 2.) Looking to the parties' contract to determine whether the parties agreed to arbitrate questions of arbitrability has long been the rule in this Circuit. *See First Options of Chicago, Inc.*, 514 U.S. at 944 (courts should apply ordinary principles of contract to determine whether parties agreed to submit arbitrability issue to arbitration); *Hous. Ref., L.P. v. United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union*, 765 F.3d 396, 410 n.28 (5th Cir. 2014) (courts must examine contract to determine whether the parties intended to delegate the power to decide arbitrability to arbitrator).

*Henry Schein* merely holds that when a contract clearly delegates the question of arbitrability of a particular dispute to an arbitrator, a court may not override the contract, even if it thinks that the argument that the arbitration agreement applies to a dispute is "wholly groundless." 139 S. Ct. at 526. This "wholly groundless" exception was a judicially created doctrine that had been embraced by the Fifth Circuit and other Courts of Appeals, enabling courts to block frivolous attempts to transfer disputes from the court system to arbitration. *See id.* at 529. The decision in *Henry Schein* invalidated the exception as inconsistent with the Federal Arbitration Act and Supreme Court precedent. *Id.* The District Court in *Henry Schein* had denied a motion to compel arbitration and the Fifth Circuit had affirmed based on the "wholly groundless" exception. *Id.* at 528. The case currently before the Court did not hinge on any analysis of the threshold question of arbitrability or an endorsement of the "wholly groundless" exception in denying Defendants' motion to compel arbitration. By arguing that *Henry Schein* opened a previously unavailable argument, Defendants are implicitly admitting

that their position on arbitrability is, in fact, "wholly groundless," such that it would have been futile to advance it before the Court until the exception had been abolished.

Finally, even if the Court were to consider Defendants' new argument regarding arbitrability, the Court would reject it. An arbitrator may only decide issues of arbitrability where there is "clear and unmistakable evidence" that the parties delegated the power to decide this threshold issue to the arbitrator. *First Options*, 514 U.S. at 944. Parties often include an express delegation provision in their contract, which plainly evidences such an agreement. *See, e.g.*, *W.L. Doggett LLC*, 92 F. Supp. 3d at 597 (enforcing contractual delegation provision providing that "arbitrable disputes" included disputes about "formation, interpretation, applicability, or enforceability" of the contract). Defendants have not directed the Court to any comparable delegation provision here. Rather, Defendants contend that the parties' intent to send questions on the scope of arbitration to the arbitrator is clear and unmistakable because the agreement at issue incorporates the Employment Rules of the American Arbitration Association ("AAA"). (Defs.' Mtn. [#29] at 4–5.)

Indeed, the Fifth Circuit has held that "express adoption of [the AAA Rules] presents clear and unmistakable evidence that the parties agreed to arbitrate arbitrability," as these rules contain a provision stating that the arbitrator "shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement." *Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687 F.3d 671, 675 (5th Cir. 2012). Accordingly, numerous district courts have granted motions to compel arbitration and sent the threshold question of arbitrability to the arbitrator based on the incorporation of the AAA rules, despite the lack of any clear delegation language in the contract. *See, e.g.*, *Douglas v. Regions Bank*, 757 F.3d 460, 466 (5th Cir. 2014), *abrogated on other*

*grounds by Henry Schein*, 139 S. Ct. 524 (holding that the parties' scope-of-coverage dispute must be decided in first instance by arbitrator where agreement provided that arbitration "will be administered . . . according to . . . the rules of the [AAA] in effect at the time of filing"); *Cubria v. Uber Techs., Inc.*, 242 F. Supp. 3d 541, 549 (W.D. Tex. 2017) (granting motion to compel arbitration and sending arbitrability question to arbitrator where contract provided that "arbitration will be administered by the [AAA]"); *Pioneer Research Sols., Inc. v. Cbeyond, Inc.*, No. CV H-14-1795, 2015 WL 12840568, at *2 (S.D. Tex. Mar. 27, 2015) (compelling arbitration of arbitrability question where contract provided that "[s]uch arbitration shall be settled in accordance with the [AAA Rules] in effect on the date of this Agreement").

The arbitration agreement at issue in this case does not reference the AAA Employment Rules anywhere in its text, let alone contain language expressly adopting those rules, and Defendants did not reference the AAA Rules in their motion to compel arbitration. (*See* Employment Dispute Resolution Book ("EDR") [#10-2].) Instead, the EDR Book makes three vague references to "rules" not contained in the booklet that govern the mediation and arbitration process. (*See* EDR Book at 1 ("Please note the Program has detailed rules specific only to the Mediation and Arbitration steps that are not contained in this booklet, but are available upon request."); *id* at 7 ("The specific rules that govern this process are available upon request."); *id* at 10 ("Are there guidelines to make sure the Mediation and Arbitration processes are fair? Employment Dispute Resolution Program Rules govern the mediation and arbitration processes. Contact the EDR Program Administrator if you want a copy of these rules.").

Plaintiffs raised the issue of the vagueness of these references defensively in their response to Defendants' motion to compel arbitration, arguing that the referenced rules were not provided to Plaintiffs and the entire arbitration agreement was invalid as illusory. (Pls.' Resp.

8

[#11] at 18–19.) The undersigned rejected this argument for invalidating the arbitration contract in the January 4, 2019 Order based on an unrebutted declaration by a representative of Defendants that the "rules" referenced in the contract were the AAA Employment Rules. *See* Order [#28] at 8 (stating that "it is clear that the rules that govern the EDR Program are the AAA's Employment Arbitration Rules") (citing Angelo Decl. [#15-1] at ¶ 4). The undersigned's rejection of Plaintiffs' defensive argument attempting to invalidate the contract in its entirety does not equate to a finding that the AAA Rules were expressly adopted by the contracting parties such that the delegation of the question of arbitrability was clear and unmistakable. There is no express ruling on this issue because the issue was neither briefed nor argued by the parties, nor was it decided by the Court's January 4, 2019 Order.

The Court notes that Defendants also ask the Court to stay the deadline to respond to conditional certification, in the event their motion for reconsideration is denied. The Court has already done so, staying the response deadline until further Order of the Court [#33]. In light of Defendants' pending appeal of the January 4, 2019 Order to the District Court, the undersigned will not yet lift the stay, which remains in effect until further Order of the Court.

Thus, in accordance with the foregoing:

**IT IS ORDERED** that Defendants' Motion for Reconsideration [#29] is **DENIED**; and

**IT IS FURTHER ORDERED** that Defendants' deadline to respond to Plaintiffs' Motion for Conditional Certification remains **STAYED** until further order of the Court.

SIGNED this 4th day of March, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE