IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROSARIO PASSMORE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; BRENDA L. CHAFTON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; MARIA WEAKS, JO ANN VEGA, KELLY SLAPE, <br><br>*Plaintiffs,* <br><br>vs. <br><br>SSC KERRVILLE HILLTOP VILLAGE OPERATING COMPANY LLC, SSC KERRVILLE EDGEWATER OPERATING COMPANY, LLC, SSC KERRVILLE ALPINE TERRACE OPERATING COMPANY, LLC, <br><br>*Defendants.* | § § § § § § § § § § § § § § § § § § § § § | SA-18-CV-00782-FB |

## ORDER

Before the Court is the above-styled cause of action, which was referred for all pretrial proceedings pursuant to Federal Rule of Civil Procedure 72 and Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. There is a pending motion for conditional certification of a collective action [#21] before the Court. The Court previously stayed Defendants' obligation to respond to the motion in light of the various filings challenging the Court's order denying Defendants' motion to compel arbitration [#33]. The record reflects that the Fifth Circuit dismissed Defendants' appeal for lack of jurisdiction on February 26, 2019 [#41], the undersigned denied Defendants' motion for reconsideration on March 4, 2019 [#42], and the District Court affirmed the order denying Defendants' motion to compel on March 6, 2019 [#43]. The Court will therefore lift the stay and

1

order Defendants to file a response to the pending motion for conditional certification within 30 days of this order. The Court will also require the parties to confer and submit revised proposed scheduling recommendations including dates to govern pretrial proceedings through discovery and dispositive motions.

**IT IS THEREFORE ORDERED** that the stay of Defendants' obligation to respond to Plaintiff's motion for conditional certification is **LIFTED**.

**IT IS FURTHER ORDERED** that Defendants respond to Plaintiffs' motion for conditional certification **on or before April 11, 2019**.

**IT IS FURTHER ORDERED** that the parties confer and submit revised joint proposed scheduling recommendations **on or before April 11, 2019**. The proposed scheduling order shall contain suggestions for the following deadlines:

1. A report on alternative dispute resolution in compliance with Local Rule CV-88 (the standard period being 90 days after the first defendant's appearance).

2. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties (the standard period being 90 days after the first defendant's appearance), and each opposing party shall respond, in writing (the standard period being 104 days after the first defendant's appearance).

3. The parties shall file all motions to amend or supplement pleadings or to join additional parties by (the standard period being 120 days after the first defendant's appearance).

4. All parties asserting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits and shall **SERVE ON ALL PARTIES, BUT NOT FILE the materials required by FED. R. CIV. P. 26(a)(2)(B)** by (the standard period being 90 days before the discovery deadline). Parties resisting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits and shall **SERVE ON ALL PARTIES, BUT NOT FILE the materials required by FED. R. CIV. P. 26(a)(2)(B)** by (the standard period being 45 days before the close of discovery). All designations of rebuttal experts shall be filed within 14 days of receipt of the report of the opposing expert.

5. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within (the standard period being 30 days) days of

receipt of the written report of the expert's proposed testimony, or within (the standard period being 30 days) days of the expert's deposition, if a deposition is taken, whichever is later.

6. The parties shall complete discovery (the standard period being six months after the first defendant's appearance). Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

7. All dispositive motions shall be filed (the standard period being 30 days after the discovery deadline). Dispositive motions as defined in Local Rule CV-7(c) and responses to dispositive motions shall be limited to (the standard page limit for this Court is 20) pages in length.

8. Any motion to decertify shall be filed. The dispositive-motions response deadline and page limits applies to this motion and any response.

9. This case will not be set for trial until after dispositive motions and motions to decertify, if any, have been ruled on. The Court will set a trial date and also set a deadline for the parties to file the matters required to be filed in advance of trial in accordance with Local Rule CV-16(e)-(g). However, the parties should be aware that if they choose to stay on this district court's docket (and do not consent to proceed to trial before a United States Magistrate Judge), from time to time the Court has three or four day blocks of time available and will not hesitate to accelerate the Scheduling Order deadlines and direct the parties to appear for trial with as little as forty-eight hours' notice.

10. All civil settings are subject to the Court's criminal docket.

The parties shall submit the proposed order in a form similar to the attached.

**IT IS SO ORDERED.**

SIGNED this 12th day of March, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

§
§
*Plaintiff,* §
§
vs. §
§
§
§
*Defendant.* §
§

**SCHEDULING RECOMMENDATIONS**

The parties recommend that the following deadlines be entered in the scheduling order to control the course of this case:

1. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed by _____.

2. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties by _____, and each opposing party shall respond, in writing, by _____.

3. The parties shall file all motions to amend or supplement pleadings or to join additional parties by _____.

4. All parties asserting claims for relief shall file their designation of testifying experts and shall serve on all parties, but not file the materials required by FED. R. CIV. P. 26(a)(2)(B) by _____. Parties resisting claims for relief shall filed their designation of testifying experts and shall serve on all parties, but not file the materials required by FED. R. CIV. P. 26(a)(2)(B) by _____. All designations of rebuttal experts shall be designated within 14 days of receipt of the report of the opposing expert.

5. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within \_\_\_\_ days of receipt of the written report of the expert's proposed testimony, or within \_\_\_\_ days of the expert's deposition, if a deposition is taken, whichever is later.

6. The parties shall complete all discovery on or before _____. Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

7. All dispositive motions shall be filed no later than _____. Dispositive motions as defined in Local Rule CV-7(c) and responses to dispositive motions shall be limited to _____ pages in length.

8. Any motion for decertification shall be filed by _____.

9. The trial date will be determined at a later date by the Court. The parties shall consult Local Rule CV-16(e)-(g) regarding matters to be filed in advance of trial. At the time the trial date is set, the Court will also set the deadline for the filing of matters in advance of trial.

10. All of the parties who have appeared in the action conferred concerning the contents of the proposed scheduling order on and the parties have (agreed/disagreed) as to its contents. The following positions and reasons are given by the parties for the disagreement as to the contents of the proposed scheduling by _____. Plaintiff offers the following explanation of why all parties have not been served _____.

_____
(Signature)

_____
(Print or type name)

ATTORNEY FOR

_____
(Print or type name)

CERTIFICATE OF SERVICE