IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROSARIO PASSMORE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; BRENDA L. CHAFTON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; MARIA WEAKS, JO ANN VEGA, KELLY SLAPE, <br><br> *Plaintiffs,* <br><br> vs. <br><br> SSC KERRVILLE HILLTOP VILLAGE OPERATING COMPANY LLC, SSC KERRVILLE EDGEWATER OPERATING COMPANY, LLC, SSC KERRVILLE ALPINE TERRACE OPERATING COMPANY, LLC, <br><br> *Defendants.* | § § § § § § § § § § § § § § § § § § § § § | SA-18-CV-00782-FB |

**ORDER**

Before the Court in the above-styled cause of action is Defendants' Expedited Motion to Stay Proceedings Pending Appeal to the Fifth Circuit Court of Appeals [#46]. On September 13, 2018, the Honorable Fred Biery referred all pre-trial proceedings in this case to the undersigned for disposition pursuant to Federal Rule of Civil Procedure 72 and Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. The undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, Defendants' Expedited Motion to Stay Proceedings Pending Appeal to the Fifth Circuit Court of Appeals is **DENIED**.

1

The record reflects that on March 6, 2019, the District Court affirmed the undersigned's order dated January 4, 2019 denying Defendants' motion to dismiss and compel arbitration [#43]. Defendants timely appealed this ruling to the Fifth Circuit Court of Appeals on March 15, 2019 [#45]. Defendants now ask this Court to stay any further proceedings in this case pending their interlocutory appeal.

A district court has broad discretion to stay proceedings in the interest of justice and to control its docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Although some Circuit Courts of Appeals have held that an appeal of a denial of a motion to compel arbitration results in an automatic stay of district court proceedings,[1] the Fifth Circuit has expressly held the opposite—that no such automatic stay exists. *Weingarten Realty Inv'rs v. Miller*, 661 F.3d 904, 908 (5th Cir. 2011). Instead, a district court in the Fifth Circuit should only grant a discretionary stay pending an interlocutory appeal of an order denying a motion to compel arbitration after considering the following four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 910 (quoting *Hilton v. Braunskill*, 481 U.S. 770 (1987)). The stay applicant bears the burden of showing that a stay is warranted. *Nken v. Holder*, 556 U.S. 418, 433–34 (2009).

Where a serious legal question is involved, and the balance of equities heavily favors a stay, the movant need not show a probability of success on the merits but may merely present "a

---

[1] *See Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 264–66 (4th Cir. 2011); *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3d Cir. 2007); *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1160–62 (10th Cir. 2005); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251–52 (11th Cir. 2004); *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505 (7th Cir. 1997).
.

substantial case on the merits." *Weingarten Realty Inv'rs*, 661 F.3d at 910. The Fifth Circuit has held that a substantial legal question is not involved, however, where the issue before the Court is "merely a private contractual matter regarding whether arbitration is required," as here. *Id.* Accordingly, to prevail on their motion for a stay, Defendants must make a showing that all four factors favor entering the requested stay. Because Defendants have failed to do so, the Court will deny the motion.

First, the public interest does not favor the issuance of a stay. Defendants contend that the strong federal and state policies favoring arbitration generally translate to a public interest in staying this litigation pending appeal because the benefits of arbitration would be eroded if a defendant is forced to proceed in both judicial and arbitral forums. In doing so, Defendants rely heavily on language from an opinion from the Seventh Circuit Court of Appeals, the reasoning of which the Fifth Circuit expressly declined to follow in rejecting the concept of an automatic stay in *Weingarten Realty*. (*See* Mot. for Stay [#46] at 6–7 (quoting *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505 (7th Cir. 1997)). Defendants have not demonstrated that there is any public interest recognized in the Fifth Circuit supporting the issuance of a stay; rather, the primary interest at issue is Defendants' interest in preserving litigation resources and delaying this case.

Defendants' argument regarding the public interest is related to Defendants' argument as to irreparable injury, which is that the time and expense of discovery would constitute irreparable harm in the context of a potentially large collective action that might ultimately proceed in an arbitral forum if Defendants prevail on appeal. As both parties have noted, monetary expenses incurred in litigation are normally not considered irreparable, and the Fifth Circuit summarily dismissed this argument in *Weingarten Realty*. 661 F.3d at 913 ("[W]e reject the idea that

arbitration ensures substantial speed and cost savings, so these considerations alone do not constitute irreparable injury."). Moreover, the Fifth Circuit has rejected the premise that litigation of the merits and the question of arbitrability are coextensive. *Id.* at 909 ("An appeal of a denial of a motion to compel arbitration does not involve the merits of the claims pending in the district court."). Additionally, Defendants do not point to any limit on discovery within the arbitration contract at issue, such that there is a reasonable argument regarding a significant costs savings with respect to discovery in the arbitral forum. In either forum, the parties will require discovery on the facts related to the alleged FLSA violations and damages. The modest additional discovery required in this forum is on the issue of whether the proposed class members are sufficiently similar situated in terms of how they were paid in order to warrant certification as a collective action. These additional costs do not constitute irreparable harm. In summary, as Plaintiffs effectively state in their response to Defendants' motion, to adopt premises that were expressly rejected in *Weingarten Realty* as a basis for finding irreparable harm for purposes of a discretionary stay "would be a step toward allowing the exception to overcome the rule." (Pls.' Resp. [#49] at 6.)

Nor have Defendants shown that Plaintiffs will *not* be injured by a stay. This lawsuit was filed as a putative collective action. There is currently a motion for conditional certification of a collective action pending before the Court [#21]. For those Plaintiffs who have already opted in to this lawsuit, the injury is minimal and only pertains to a delay in the resolution of their claims. For all other potential opt-in Plaintiffs, the harm is much more significant, as the statute of limitations for an opt-in Plaintiff runs from the date the Plaintiff opted in to the lawsuit. *Ikossi–Anstasiou v. Board of La. State U.*, 579 F.3d 546, 552–53 (5th Cir. 2009); *Sandoz v. Cingular Wirless LLC*, 553 F.3d 913, 916–17 (5th Cir. 2008). Staying this case before potential opt-in

4

Plaintiffs receive sufficient notice and have the informed opportunity to join this lawsuit could seriously limit or even bar their claims on statute-of-limitations grounds. Defendants' argument that these potential opt-in Plaintiffs have the ability to opt-in to the lawsuit at any time is unavailing. The purpose of the collective-action mechanism is the ability to provide potential litigants with timely notice of a lawsuit "so that they can make informed decisions about whether to participate." *Hoffman-La Roche v. Sperling*, 493 U.S. 165, 171 (1989). The balance of harms favors a denial of the stay.

Finally, and most importantly, Defendants have not made "a strong showing" of a likelihood of success on the merits, as required to entitle them to a discretionary stay. Defendants argue they are likely to succeed on their appeal because the District Court only considered one of Defendants' arguments raised in its appeal of the undersigned's order denying the motion to compel arbitration—whether intervening Supreme Court law required the reconsideration of the undersigned's order—and failed to consider Defendants' other arguments regarding ambiguity in the arbitration agreement. That the District Court did not discuss some of Defendants' arguments in its Order affirming the undersigned's decision does not translate to a likelihood of success on the merits of the appeal. Moreover, the only authority Defendants provide in support of their ambiguity arguments is a decision out of the Middle District of North Carolina interpreting the same arbitration agreement at issue in this case. (*See* Mot. [#46] at 4 (citing *Allen v. SSC Lexington Operating Company LLC*, 2017 WL 4357449 (M.D.N.C. Sept. 29, 2017)). As pointed out by Plaintiffs in their response, the undersigned considered and expressly rejected the rationale of this decision in its appealed order, instead endorsing the reasoning of an opinion of the Third Circuit Court of Appeals, which also construed the identical contractual language at issue here and found no such ambiguity. (*See* Jan. 4, 2019 Order [#28] at 9, 13

(citing *Novosad v. Broomall Operating Co. LP*, 684 Fed. App'x 165, 166 (3d Cir. 2017)). Defendants have not made a strong showing of a likelihood of success on the merits of their appeal.

**IT IS THEREFORE ORDERED** that Defendants' Expedited Motion to Stay Proceedings Pending Appeal to the Fifth Circuit Court of Appeals [#46] is **DENIED**. Defendants shall respond to Plaintiffs' pending motion for conditional certification and submit revised joint proposed scheduling recommendations on or before **April 11, 2019**.

SIGNED this 28th day of March, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE